UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **3:11-CR-00054-SLB-HNJ-1** |
| ) | |
| **RICKY WALTER DENTON,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This matter comes before the court on a motion for a reduction of sentence and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (doc. 442),[1] filed *pro se* by Defendant Ricky Walter Denton. Denton asserts that he has presented a combination of circumstances sufficient to establish extraordinary and compelling reasons to support his compassionate release. (Doc. 442). After careful consideration, the court finds that Denton is not entitled to compassionate release.

### I.   Factual Background

Denton was charged by indictment with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of brandishing a firearm during and in relation to a crime of violence. (Doc. 1). Denton represented himself

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

and proceeded to trial, where a jury found him guilty of both counts. (Doc. 232; Doc. 233).

At sentencing, the court addressed Denton's extensive criminal history. (Doc. 354 at 15–38). The court noted that it considered varying upward from the applicable guideline range based on all the sentencing factors found in 18 U.S.C. § 3553(a). Ultimately, the court sentenced Denton to the high end of the guideline range "due to the defendant's extraordinary criminal history, his demonstrated lack of respect for the law and . . . primarily to protect the public from further crimes of the defendant." (*Id.* at 58–60). The court sentenced Denton to a total of 246 months in prison, comprised of 162 months for Count One, to be followed by a consecutive sentence of 84 months for Count Two. (Doc. 336 at 2). The sentence was to be served consecutively to state sentences that Denton was serving at the time, but concurrently to another federal sentence imposed on Denton. (*Id.*).

Following sentencing, Denton filed an appeal, (doc. 236), a motion for a new trial, (docs. 242; 243), a motion to reconsider the denial of his motion for a new trial, (doc. 322), an appeal of the denial of reconsideration of the motion for a new trial, (doc. 327), a renewed motion for a new trial, (doc. 392), a motion to vacate under 28 U.S.C. § 2255 (doc. 399), and a motion for compassionate release, (doc. 429), prior to this instant motion for compassionate release. (Doc. 442). This court denied Denton's motions for a new trial, (docs. 304; 402), the motion to vacate, (doc. 427),

and the motion for compassionate release. (Doc. 440). The Eleventh Circuit affirmed Denton's conviction and this court's denial of Denton's motion for a new trial. *See, United States v. Denton,* 535 Fed. App'x 832 (11th Cir. 2013); *United States v. Denton,* 697 Fed. App'x 963 (11th Cir. 2017). Denton is currently incarcerated at FCI Edgefield with a scheduled release date of May 5, 2030. *See* https://www.bop.gov/inmateloc/ (last visited January 29, 2024).

## II. Standard of Review

Denton brings his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The statute governing compassionate release, as amended by the First Step Act, sets forth the limited circumstances in which a court may modify a sentence. 18 U.S.C. § 3582(c)(1)(A). Recently, the U.S. Sentencing Commission ("Commission") amended the policy statement regarding compassionate release in the U.S. Sentencing Guidelines which became effective November 1, 2023. *See Sentencing Guidelines for U.S. Courts*, 88 Fed. Reg. 28,254–28,259 (May 3, 2023); U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sent'g Comm'n, amended 2023).

A court may grant a reduction or release when: (1) the defendant exhausted his administrative remedies with the BOP; (2) the 18 U.S.C. § 3553(a) sentencing factors support release; (3) extraordinary and compelling reasons warrant release; and (4) the defendant is not a danger to the community. U.S.S.G. § 1B1.13. Failure

by the defendant to demonstrate *any* of the four requirements will result in denial, and courts may evaluate them in any order. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

Denton argues the new Sentencing Commission policy statement for Section 3582(c)(1)(A) sets forth several "extraordinary and compelling reasons" warranting a reduction in his sentence. U.S.S.G. § 1B1.13 (a)(1)(A). First, if a defendant has served at least ten years of his sentence and is able to establish a discrepancy between the length of his current sentence and the sentence that would be imposed at the time of filing a motion for compassionate release due to changes in law, the court may consider that discrepancy an extraordinary and compelling reason. U.S.S.G. § 1B1.13 (b)(6). Second, the revised policy statement includes several circumstances a court may find extraordinary and compelling related to the defendant's health and his or her ability to seek proper medical care within a correctional facility. *Id.* § 1B1.13 (b)(1). Third, the recent amendments to the policy statement substantially broadened the scope of family circumstances that may be considered "extraordinary or compelling reasons" to warrant a sentence reduction. *Id.* § 1B1.13 (b)(3)(A)-(D). Prior to November 1, 2023, a court could only consider a sentence reduction upon the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's spouse. Now, a court may reduce the time of imprisonment if the court finds the defendant can establish:

> (A) [t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
> (B) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (C) [t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
> (D) [t]he defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, *when the defendant would be the only available caregiver for such family member or individual*. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

*Id*. (emphasis added). Finally, "rehabilitation of the defendant while serving the sentence may be considered *in combination with other circumstances* in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id*. § 1B1.13 (d). (emphasis added).

The Eleventh Circuit has held the policy statement in U.S.S.G. § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)." *United States v. Bryant*, 996, F.3d 1243, 1262 (11th Cir. 2021). Therefore, a district court "may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.*

## III. Discussion

In his motion seeking compassionate release, Denton argues the following factors warrant a reduction of his sentence: (1) "intervening changes in law have produced a gross disparity between the sentence being served and the sentence likely to be imposed" today; (2) family circumstances; (3) medical issues; and (4) substantial rehabilitation. (Doc. 442 at 9-17). Denton states that he properly exhausted his administrative remedies by requesting relief from the warden of his correctional institution without a response within 30 days. (Doc. 442 at 6; Doc. 442-1 at 2.) Accordingly, it appears that Denton has fulfilled the exhaustion requirements set forth in Section 3582(c)(1)(A) and his motion is properly before the court for consideration on the merits. *See* 18 U.S.C. § 3582(c)(1)(A).

### A. "Unusually Long Sentence"

Denton argues that "when the Court previously imposed the sentence, the Court excluded consideration of the mandatory consecutive 7-year sentence and thus, misapplied the § 3553(a) factors, and in consequence, imposed an unusually long sentence." (Doc. 442 at 10-11). He states the recent policy statement's addition of U.S.S.G. § 1B1.13 (b)(6) supports his argument for compassionate release. It states:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change

would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13 (b)(6).

However, the law has not changed since Denton made this argument. Denton once again relies on *Dean v. United States* to establish that the court should have considered a concurrent sentence for Count One and Count Two rather than a consecutive sentence. (*See, Dean v. United States*, 581 U.S. 62 (2017)). Denton's argument in his present motion is almost identical to his argument in his § 2255 motion. (*Compare*, Doc. 425-1 at 145-46, *with* Doc. 442 at 10-11). As stated in this court's Memorandum Opinion as to Denton's 28 U.S.C. § 2255 Motion to Vacate:

> [T]he court finds Denton's contention, that this court did not consider the length of his total custodial sentence, is simply incorrect. The court explicitly considered Denton's total sentence, bank robbery plus consecutive firearm, in determining the appropriate sentence. (Doc. 354 at 58-62.) In fact, as stated repeatedly during the sentencing hearing, the court seriously considered imposing an upward variance based on all the sentencing factors in § 3553. (See *id*. at 58 ["Mr. Denton, I thought seriously and long about varying upwards from the Guideline range, because I have a very serious concern that this is not a long enough sentence for you."]; *id*. at 61-62 [court did not vary upward to give Denton "one less issue to be arguing on appeal"].)
>
> Unlike the district court in *Dean v. United States*, 581 U.S. 62 (2017), cited by Denton, (*see* doc. 425-1 at 146, 152), this court never stated that it was without authority to consider the sentence imposed on the bank robbery count and the sentence imposed for gun count together or that it was without authority to reduce the bank robbery sentence in light of the mandatory § 924(c), consecutive sentence.

7

(Doc. 427 at 41-42).

Likewise, Denton's reliance on *Setser v. United States* is not persuasive. 566 U.S. 231, 236 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."). As previously stated, this court considered all the sentencing factors in § 3553 at the time of sentencing. (*See,* Doc. 354 at 58). Furthermore, this court specifically intended Denton's federal sentence in this case to run consecutively to his state court sentences. (*Id.* at 59) ("The term of imprisonment imposed in Count One shall run consecutive to the defendant's imprisonment in Colbert County Circuit Court Cases CC-03-650 and CC-04-434. And if there are any state cases that you're serving, the sentences on both Counts One and Two shall run consecutive to those sentences."). The law has not changed, nor has the opinion of this court. Therefore, the court finds that Denton has not offered an extraordinary and compelling reason under U.S.S.G. § 1B1.13 (b)(6).

### B. Family Circumstances

As previously detailed, the Sentencing Commission recently expanded the policy statement to allow a court to consider many different family circumstances in consideration of a defendant's motion for compassionate release. U.S.S.G. § 1B1.13 (b)(3)(A)-(D). While the previous guidelines only accounted for the care of the

8

defendant's child, spouse, or parent, the current guidelines expanded family circumstances to include "immediate family member[s]" such as a grandchild, grandparent, or sibling of the defendant. *Id.* § 1B1.13 (b)(3)(D). However, the guidelines are clear that the defendant must be "the only available caregiver for such family member or individual." *Id.*

Denton states in both his motion and a private letter to the court that multiple family members require his assistance. First, Denton's grandson, who previously was in the custody of family services, has a mother with extensive health problems and is in "very critical condition." (Doc. 442 at 14). While Denton's grandson has been returned to Denton's son, his son "is struggling and needs Denton's assistance." (*Id.*). Second, Denton's elderly sister adopted a special needs child and is having difficulty raising the child on her own. (*Id.*). Denton has a close relationship both with his adopted niece and his grandson and believes he could be of great assistance to both children. (*Id.*).

There is no evidence that Denton is the only available caregiver for either his grandson or his sister's child. (Doc. 442 at 14). The court will assume that if released from prison, Denton could have a positive impact in the lives of both his grandson and his niece. Nevertheless, Denton has not offered an extraordinary and compelling reason within the parameters required under U.S.S.G. § 1B1.13 for compassionate release based on his family circumstances.

### C. Medical Issues

The previous version of the sentencing guidelines defined "extraordinary and compelling reasons" to include terminal illnesses or "serious physical or medical conditions ... that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). The 2023 amendments expand qualifying conditions to also include: 1) "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," and 2) a defendant's "personal health risk factors and custodial status" that increase risk of "severe medical complications or death" resulting from an outbreak of infectious disease or a declared public health emergency at a particular facility." *Id*. § 1B1.13(b)(1)(C)-(D).

Due to an injury from a gunshot wound, Denton underwent extensive reconstructive surgery that included a muscle flap transplant to retain bowel containment. (Doc. 442 at 15). Denton states "the muscle transplants have now collapsed, and Denton has lost bowel containment." (*Id.*). Because of his condition, Denton states he requires a liquid diet and weekly vitamin shots. (*Id.* at 16). Denton contends his condition is worsening and he is not expected to recover, and "in consequence, [he] is at risk of serious deterioration in health." (*Id.*). While suffering

from admittedly serious health conditions, Denton does not point to specific deficiencies in the care and treatment he receives for this condition.

While the court will assume Denton's ailments impose significant hardship, he has not addressed how his medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" beyond the fact that his condition is ongoing and worsening. (*Id.*; U.S.S.G. § 1B1.13(b)(1)(B)). In addition, Denton has provided no evidence or records showing "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," or that "personal health risk factors and custodial status" increase the risk of "severe medical complications or death" because of an "outbreak of infectious disease" or a declared "public health emergency" within the facility. *Id*. § 1B1.13(b)(1)(C)-(D). While it is not necessary for a defendant to provide medical records, Denton has not demonstrated extraordinary and compelling reasons because he does not point to *any evidence* that his current healthcare within the facility is inadequate.

**D. Rehabilitation**

Finally, Denton urges that his extensive efforts at rehabilitation warrant a reduction in his sentence. Denton provided documentary evidence in support of his education while incarcerated. He completed his G.E.D., earned two associate

11

degrees, and completed an Immigration Law program. (Doc. 442-1). Additionally, Denton states he worked a full-time job within the BOP. Finally, Denton states he has not received "disciplinary infractions in years" and holds an "overall exemplary prison record." (Doc. 442 at 19). While Denton's commitment to his education is noted, rehabilitation may only be considered in combination with other circumstances in determining whether a sentence reduction is warranted.

Here, even if the court were to assume that Denton has demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A), compassionate release would be inappropriate upon consideration of the section 3553(a) factors. Denton has made positive efforts to better himself through both education and employment while in prison, and the court acknowledges his progress towards rehabilitation. However, these factors do not convince the court that a reduction in Denton's sentence is warranted considering Denton's lengthy criminal history, the need to promote respect for the law, the need to protect society, and the need to deter future criminal activity. Having reviewed the entire record and considered the relevant factors, the court concludes that relief under § 3582(c)(1)(A) is not warranted.

## CONCLUSION

Denton has not shown that he is entitled to compassionate release under Section 3582(c)(1)(A)(i) because he cannot show extraordinary and compelling

reasons for relief that are consistent with the revised policy statements put forth by the Sentencing Commission. Accordingly, the court will deny Denton's Motion for Compassionate Release. (Doc. 442). An Order denying Denton's Motion will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 29th day of January, 2024.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE